# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROHAN JOHNSON,

    Petitioner,

vs.                              CIVIL ACTION NO.: CV514-071

Mr. PERRY, "DHO"; T. JOHNS,
Warden; and CHARLES B.
SAMUELS, JR., Director of BOP,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rohan Johnson ("Johnson"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Johnson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Johnson contends that he received an incident report charging him with possession of stolen property. After investigation and a disciplinary hearing, Johnson was sanctioned with the loss of 21 days' good conduct time. Johnson asserts that the Disciplinary Hearing Officer ("DHO") was not authorized to impose any sanctions on him because he is not a Bureau of Prisons' ("BOP") employee. Johnson seeks to have the 21 days' good conduct time lost restored to him. Respondent alleges that Johnson did

AO 72A
(Rev. 8/82)

not exhaust his administrative remedies prior to filing this cause of action, and his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Johnson v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[1] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

2

adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[2] (Doc. No. 10, p. 7). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. (Id.). If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the BOP's Administrator of the Privatization Management Branch, so long as the appeal involves BOP related matters.[3] (Id.). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id. at p. 8). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. Pichardo v. United States of America, (Case Number CV511-69, Doc. No. 8, p. 3).

The issues raised in Johnson's petition involve BOP related matters. (See, n.3). Johnson filed a BOP administrative remedy during his incarceration at D. Ray James Correctional Facility concerning the issues raised in his petition. (Doc. No. 10-1, p. 5).

---

[2] The BOP contracts with GEO Group, Inc., to house low security criminal alien inmates at D. Ray James Correctional Institution. Williams v. D. Ray James Correctional Facility, CV514-26, Doc. No. 10, p. 2 (S.D. Ga.).

[3] Examples of BOP related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release upon successful completion of the RDAP. (See Case Number CV511-69, Doc. No. 8, p. 3, n.4).

Johnson then filed an appeal with the Privatization Management Branch, which was denied on February 25, 2014. (Id. at p. 6). Johnson admits that he did not file an appeal with the BOP's Office of General Counsel, the final step in the administrative remedies process, noting that doing so would have been futile. (Doc. No. 1, p. 6). Even if the denial of an administrative remedy request is the likely outcome, this is not a sufficient reason for waiver of the exhaustion requirement. Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994) (quoting Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989)).

Because Johnson did not fully and properly exhaust his administrative remedies prior to bringing this petition, he has not exhausted his available administrative remedies regarding the issue raised in his petition. As Johnson has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to consider the merits of his petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Johnson's 28 U.S.C. § 2241 petition be **DISMISSED**, without prejudice, due to Johnson's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 18th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)